# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO



FILED

MAR - 7 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

# CR 13 149

QUIN NGOC RUDIN

# JST

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud
18 U.S.C. § 1028A- Aggravated Identity Theft

A true bill.

_____
Foreman

Filed in open court this ___7___ day of

_MARCH, 2013_

_____
Clerk

Bail, $ _no bail urrest warrant_

_____
Nathanael Cousins
United States Magistrate Judge

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☑ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☑ Indictment ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT — San Francisco
DISTRICT OF Northern California — Divisional Office

Name and Office of Person — MELINDA HAAG
Furnishing Information on ☐ U.S. Atty ☐ Other U.S. Agency
THIS FORM — Phone No.

Name of Asst.
U.S. Attorney — Hallie Hoffman and Kyle Waldinger
(if assigned)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☑ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE NO.

3-13-70192

Place of — Northern District of Calif. — County
offense

---

CASE NO.

**CR 13 149**

USA vs.

Defendant: QUIN NGOC RUDIN **JST**

Address:

**FILED**

MAR - 7 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Interpreter Required

Birth
Date _____ ☑ Male ☐ Female  ☐ Alien (if applicable)

Social Security Number _____

---

### DEFENDANT

Issue: ☐ Warrant ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 3

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|-----|-----|-----|-----|
| | 18 U.S.C. 1343 | Wire Fraud | 2 |
| | 18 U.S.C. 1028A(a)(1) | Aggravated Identity Theft | 1 |
| | | | |
| | | | |
| | | | |

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2



3

4                                           MAR - / 2013

5                                    RICHARD W. WIEKING
                                     CLERK, U.S. DISTRICT COURT
6                                 NORTHERN DISTRICT OF CALIFORNIA

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA               **JST**

10                     SAN FRANCISCO DIVISION

11 UNITED STATES OF AMERICA,        )   **CR   13    149**
                                    )
12        Plaintiff,                )   VIOLATIONS: 18 U.S.C. § 1343 — Wire
                                    )   Fraud; 18 U.S.C. § 1028A(a)(1) —
13        v.                        )   Aggravated Identity Theft; 18 U.S.C.
                                    )   § 981(a)(1)(C) and 28 U.S.C. § 2461(c) —
14 QUIN NGOC RUDIN,                 )   Wire Fraud Forfeiture
      a/k/a DEAN RUBIN,             )
15    a/k/a DAVID RUBIN,            )
                                    )   SAN FRANCISCO VENUE
16        Defendant.                )
                                    )
17

18                         I N D I C T M E N T

19 The Grand Jury charges:

20                    INTRODUCTORY ALLEGATIONS

21    At all times relevant to this Indictment:

22        1.    The defendant QUIN NGOC RUDIN, who also used the names Dean Rubin and

23 David Rubin, was an individual who resided in the Southern District of California.

24        2.    Cisco Systems, Inc. ("Cisco Systems") was a corporation headquartered in San

25 Jose, California. Among other business activities, Cisco Systems designed, manufactured, and

26 sold Internet protocol-based networking and other products related to the communications and

27 information technology industry.

28        3.    Cisco Systems Capital Corporation ("Cisco Capital"), also headquartered in San


INDICTMENT

1 Jose, was a wholly owned subsidiary of Cisco Systems. Cisco Capital financed transactions in
2 which end-users obtained Cisco products through Cisco-authorized distributors or partners. For
3 purposes of this Indictment, Cisco Systems and Cisco Capital will be referred to both
4 individually and collectively as "Cisco."

5     4.         CGC Digital LLC ("CGC") was an entity controlled at least in part by RUDIN.
6 On or about June 20, 2011, CGC became an authorized partner of Cisco. At some time prior to
7 September 2012, a Wells Fargo bank account ending in -1653 was opened in CGC's name
8 through a Wells Fargo banking consultant in San Francisco, California.

9     5.         Altura Pharmaceuticals, Inc. ("Altura") was a pharmaceutical company
10 headquartered in Santa Fe Springs, California. The individual identified herein as "C.R." was an
11 employee of Altura.

12 COUNTS ONE AND TWO: (18 U.S.C. § 1343 — Wire Fraud)

13     6.         The factual allegations in Paragraphs 1 through 5 are re-alleged and incorporated
14 herein as if set forth in full.

15     7.         Beginning on a date unknown to the Grand Jury, but no later than in or about
16 October 2012, and continuing until February 2013, both dates being approximate and inclusive,
17 within the Northern District of California and elsewhere, the defendant,

18 QUIN NGOC RUDIN,<br>a/k/a DEAN RUBIN,<br>a/k/a DAVID RUBIN,
19

20 together with others known and unknown to the Grand Jury, did knowingly and intentionally
21 execute and attempt to execute a material scheme and artifice to defraud, and to obtain money
22 and property by means of material false and fraudulent pretenses, representations, and promises,
23 and concealment of material facts. In sum and substance, RUDIN defrauded Cisco out of
24 equipment and funds by falsely representing to Cisco that Altura had entered into agreements to
25 obtain millions of dollars of Cisco equipment, when, in truth, Altura had not entered into any
26 such agreements.

27 THE SCHEME AND ARTIFICE

28     8.         On or about September 19, 2012, RUDIN, using the false name Dean Rubin,

INDICTMENT         -2-

1 renewed CGC's partnership agreement with Cisco.

2    9.    On several occasions in 2012, RUDIN met with a Cisco employee regarding
3 CGC's role as a Cisco-authorized partner. RUDIN used the false name "Dean Rubin" in his
4 dealings with this Cisco employee, although he also told the Cisco employee that his "Hawaiian
5 name" was "Quin." RUDIN never disclosed his true name to Cisco employees.

6    10.    On or about October 8, 2012, a representative of CGC contacted Cisco to arrange
7 the lease of Cisco equipment on behalf of Altura. Based on the information provided by CGC,
8 Cisco approved the lease of equipment to Altura. In truth, Altura did not intend to lease any
9 Cisco equipment, and no employee of Altura had engaged CGC to arrange a lease.

10    11.    On or about October 23, 2012, RUDIN caused the creation of an Internet domain
11 purported to be that of Altura ending in ".net." This .net domain was registered, not to Altura,
12 but to CGC.

13    12.    In October 2012, RUDIN caused C.R.'s name to be used and C.R.'s signature to
14 be forged on agreements with Cisco. On October 25 and October 26, 2012, a representative of
15 CGC e-mailed Cisco signed copies of agreements regarding Altura's lease of Cisco equipment.
16 Each agreement was purportedly signed by C.R., as Altura's Chief Financial Officer.

17    13.    On or about November 20, 2012, and January 3, 2013, RUDIN caused e-mails to
18 be sent from the Altura .net domain to a Cisco representative. Each e-mail purported to be from
19 C.R. at Altura, and each e-mail prompted Cisco to make a payment to CGC. These payments
20 were made on or about November 29, 2012, and on or about January 9, 2013.

21                        EXECUTION OF THE SCHEME

22    14.    On or about the dates set forth in the separate counts below, in the Northern
23 District of California and elsewhere, the defendant,

24                        QUIN NGOC RUDIN,
                           a/k/a DEAN RUBIN,
25                         a/k/a DAVID RUBIN,

26 for the purpose of executing and attempting to execute the scheme and artifice set forth above,
27 did knowingly transmit and cause to be transmitted, in interstate commerce, by means of a wire
28 ///

INDICTMENT                        -3-

1 | communication, certain writings, signs, and signals, as more specifically described below:

| COUNT | DATE OF WIRE | NATURE OF WIRE COMMUNICATION |
|-------|--------------|------------------------------|
| One | 11/29/2012 | Wire transfer of $1,464,499.90 from Cisco's Bank of America account in New York to CGC's Wells Fargo Bank account in the Northern District of California ending in -1653 |
| Two | 01/09/2013 | Wire transfer of $507,169.83 from Cisco's Bank of America account in New York to CGC's Wells Fargo Bank account in the Northern District of California ending in -1653 |

7 | All in violation of Title 18, United States Code, Section 1343.

8 | COUNT THREE: (18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft)

9 | 15. The factual allegations in Paragraphs 1 through 5 and Paragraphs 7 through 13 are

10 | re-alleged and incorporated herein as if set forth in full.

11 | 16. On or about and between October 25, 2012, and February 13, 2013, in the

12 | Northern District of California and elsewhere, the defendant,

13 | QUIN NGOC RUDIN,
a/k/a DAVID RUBIN,
14 | a/k/a DEAN RUBIN,

15 | did knowingly possess and use, without lawful authority, a means of identification of another

16 | person, namely, the name and purported signature of C.R., during and in relation to felony

17 | violations of Title 18, United States Code, Section 1343, as alleged in Counts One and Two of

18 | this Indictment.

19 | All in violation of Title 18, United States Code, Section 1028A(a)(1).

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 |

INDICTMENT                    -4-

1   FORFEITURE ALLEGATION:        (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) — Wire
                                   Fraud Forfeiture)
2

3       17.     The preceding factual allegations of this Indictment are hereby re-alleged and by

4   this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the

5   provisions of 18 U.S.C. § 981(a)(1)(C).

6       18.     Upon conviction of one or more of the offenses alleged in Counts One and Two of

7   this Indictment, the defendant,

8                                       QUIN NGOC RUDIN,
                                        a/k/a DEAN RUBIN,
9                                       a/k/a DAVID RUBIN,

10  shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1)(C) all property constituting,

11  and derived from, proceeds the defendant obtained directly and indirectly, as the result of those

12  violations, including, but not limited to, the following:

13      a.      $213,388.58 in funds seized from CGC's Wells Fargo Bank account in the

14  Northern District of California ending -1653

15      19.     If any of the aforementioned property, as a result of any act or omission of the

16  defendant —

17      a.      cannot be located upon the exercise of due diligence;

18      b.      has been transferred or sold to, or deposited with, a third person;

19      c.      has been placed beyond the jurisdiction of the Court;

20      d.      has been substantially diminished in value; or

21      e.      has been commingled with other property that cannot be divided without

22              difficulty;

23  any and all interest defendant has in other property shall be vested in the United States and

24  forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 28 U.S.C.

25  ///

26  ///

27  ///

28  ///

INDICTMENT                                      -5-

1  § 2461(c).

2  All in violation of Title 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the

3  Federal Rules of Criminal Procedure.

4

5  DATED:                                      A TRUE BILL

6  March 7, 2013

7                                              FOREPERSON

8
   MELINDA HAAG
9  United States Attorney

10

11 Douglas W. hon for
   MIRANDA KANE
12 Chief, Criminal Division

13 (Approved as to form:
                        AUSAs HOFFMAN & WALDINGER )
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


   INDICTMENT                          -6-